UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

STANLEY KAROL,

                                Plaintiff,

                -against-                  18 CV 6467 (JGK)

CITY OF NEW YORK, KENNETH K.
WONG, Badge No. 8, EDUARDO CAUTELA,
Badge No. 2903, ROBERT P. CANONICA,
Badge No. 195, and MICHAEL J. GILLEN,
Badge No. 905,

                                 Defendants.
----------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

**ZACHARY W. CARTER**
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street
New York, NY 10007
Tel: (212) 356-2208
Fax: (212) 356-2019

September 4, 2018

Sheryl Neufeld,
Karen B. Selvin,
Carlos Fernando Ugalde Alvarez,
    *of Counsel*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..............................................................................................iii

PRELIMINARY STATEMENT ....................................................................................... 1

STATEMENT OF FACTS

       Advertising of The Subject Building on Airbnb and First
       "311" Complaint ........................................................................................4

       Plaintiff's Public Comments .....................................................................5

       The June 28, 2018 "311" Complaint and the Issuance of the
       July 5, 2018 Summonses...........................................................................7

       The Commencement of the Instant Action and Plaintiff's
       July 18, 2018 Press Conference ...............................................................8

       Plaintiff's Continued Advertising of the Subject Building
       on Airbnb ..................................................................................................8

ARGUMENT ................................................................................................................... 9

       POINT I

              PLAINTIFF FAILS TO ASSERT A VALID FIRST
              AMENDMENT RETALIATION CLAIM. ................................................. 10

                 A.  Plaintiff Fails to Assert a Sufficient Nexus
                     Between His Speech and the City's
                     Enforcement Action. ................................................... 11

                 B.  Plaintiff Fails to Adequately Assert That
                     His Speech Has Been Chilled. .................................... 13

       POINT II

              PLAINTIFF CANNOT ESTABLISH A
              SUBSTANTIVE DUE PROCESS VIOLATION........................................ 15

       POINT III

               PLAINTIFF FAILS TO SET FORTH PERSONAL
              INVOLVEMENT ON BEHALF OF DEFENDANTS
              WONG, CANONICA, AND GILLEN. ...................................................... 17

**Page (cont.)**

POINT IV

     THE   INDIVIDUAL   DEFENDANTS   ARE
     ENTITLED TO QUALIFIED IMMUNITY UNDER
     FEDERAL LAW. ...................................................................................... 19

CONCLUSION........................................................................................................ 21

CERTIFICATION ................................................................................................... 22

# TABLE OF AUTHORITIES

**<u>Cases</u>**                                                                                                    **<u>Pages</u>**

<u>Andrews v. City of New York</u>,
    No. 01-7333, 2004 U.S. Dist. LEXIS 30290 (E.D.N.Y. Nov. 22, 2004)................................16

<u>Ashcroft v. Iqbal</u>,
    556 U.S. 662 (2009).........................................................................................................9, 12

<u>Bell Atlantic v. Twombly</u>,
    550 U.S. 544 (2007).................................................................................................................9

<u>Estate of Brian Patrick Morris, by Janine Morris Administratrix v. Dapolito</u>,
    297 F. Supp. 2d 680 (S.D.N.Y. 2004).....................................................................................11

<u>Chambers v. Time Warner</u>,
    282 F.3d 147 (2d Cir. 2002).....................................................................................................9

<u>Cine SK8, Inc. v. Town of Henrietta</u>,
    507 F.3d 778 (2d Cir. 2007)..............................................................................................15, 16

<u>Colombo v. O'Connell</u>,
    310 F.3d 115 (2d Cir. 2002)...................................................................................................13

<u>Connell v. Signoracci</u>,
    153 F.3d 74 (2d Cir. 1998).....................................................................................................10

<u>Cortec Indus. v. Sum Holding L.P.</u>,
    949 F.2d 42 (2d Cir. 1991).......................................................................................................9

<u>Cty. of Sacramento v. Lewis</u>,
    523 U.S. 833 (1998)...............................................................................................................15

<u>Curley v. Vill. of Suffern</u>,
    268 F.3d 65 (2d Cir. 2001)...........................................................................................10, 13, 14

<u>Davis v. Vill. Park II Realty Co.</u>,
    578 F.2d 461 (2d Cir. 1978)...................................................................................................13

<u>DiFolco v. MSNBC Cable L.L.C.</u>,
    622 F.3d 104 (2d Cir. 2010)..............................................................................................10, 14

<u>Friedl v. City of N.Y.</u>,
    210 F.3d 79 (2d Cir. 2000).....................................................................................................11

<u>Garber v. Legg Mason Inc.</u>,
    347 Fed. Appx. 665 (2d Cir. 2009)...................................................................................10, 14

**Cases**                                                                                              **Pages**

Gill v. Pidlypchak,
    389 F3d 379 (2d Cir. 2004)...................................................................................13

Harlen Assocs. v. Inc. Vill. of Mineola,
    273 F.3d 494 (2d Cir. 2001)................................................................................15

Kramer v. Time Warner Inc.,
    937 F.2d 767 (2d Cir. 1991)...............................................................................14

Laird v. Tatum,
    408 U.S. 1 (1972)................................................................................................14

Lennon v. Miller,
    66 F.3d 416 (2d Cir. 1995).................................................................................19

Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,
    429 U.S. 274 (1977)...........................................................................................11

Natale v. Town of Ridgefield,
    170 F.3d 258 (2d Cir. 1999).........................................................................15, 16

Pena v. DePrisco,
    432 F.3d 98 (2d Cir. 2005).................................................................................15

Rackley v. City of N.Y.,
    186 F. Supp. 2d 466 (S.D.N.Y. 2002)................................................................15

Saucier v. Katz,
    533 U.S. 194 (2001)...........................................................................................19

Schubert v. City of Rye,
    775 F. Supp. 2d 689 (S.D.N.Y. 2011)..........................................................10, 14

Schwasnick v. Fields,
    No. 08-4759, 2010 U.S. Dist. LEXIS 65958 (E.D.N.Y. June 30, 2010) ................16

Shomo v. City of N.Y.,
    No. 07-1208, 2009 U.S. App. LEXIS 23076 (2d Cir. Sept. 2, 2009) ....................18

In re UBS Ag Sec. Litig.,
    No. 07-11225, 2012 U.S. Dist. LEXIS 141449 (S.D.N.Y. Sept. 28, 2012)......................10, 14

United States v. Balon,
    384 F.3d 38 (2d Cir. 2004).................................................................................16

**Cases**                                                                                      **Pages**

West v. Atkins,
    487 U.S. 42 (1988)................................................................................................17

Williams v. Town of Greenburgh,
    535 F.3d 71 (2d Cir. 2008)................................................................................14

Women's Interart Center, Inc. v. N.Y.C. Economic Dev. Corp.,
    No. 05-4871, 2007 U.S. App. LEXIS 286 (2d Cir. Jan. 3, 2007)............................................11

**Statutes**

42 U.S.C. § 1983................................................................................................3, 17

Fed. R. Civ. P. 8(a)(2)................................................................................................9

Fed. R. Civ. P. 12(b)(6)................................................................................9, 10, 21

Fed. R. Evid. 201(b)................................................................................................10, 14

N.Y.C. Admin. Code § 27-265................................................................................................6

N.Y.C. Admin. Code § 27-2004................................................................................1, 3, 6, 17, 20

N.Y.C. Admin. Code § 27-2004(4)................................................................................................1

N.Y.C. Admin. Code § 27-2004(6)................................................................................................1

N.Y.C. Admin. Code § 27-2004(8)................................................................................................1

N.Y.C. Admin. Code § 27-2004(13)................................................................................................1

N.Y.C. Admin. Code § 28-103.18................................................................................3, 12, 16, 18, 19

N.Y.C. Admin. Code § 28-118.3.2................................................................................1, 3, 4, 7, 17, 20

N.Y.C. Admin. Code § 28-210.3................................................................................................6

N.Y.C. Admin. Code § 28-301.1................................................................................................4, 5, 8

N.Y.C. Building Code § 310.1.2................................................................................................6

N.Y.C. Building Code § 310.2................................................................................1, 3, 17, 20

N.Y.C. Building Code § 907.2.8................................................................................................5, 8

## PRELIMINARY STATEMENT

In the instant action, Plaintiff claims that Defendants improperly retaliated against him on July 5, 2018, by issuing four summonses related to illegal transient use at his home, because he testified at a New York City Council hearing on proposed legislation applicable to the online platform "Airbnb."  This is false.  As detailed herein, public records show that City inspectors arrived at Plaintiff's home located at 418 37th Street, Brooklyn, New York (the "Subject Building") on July 5, 2018, in response to a "311" complaint, and discovered that the entire basement apartment in the two-family dwelling was being rented out for less than thirty days in violation of local law, a fact that Plaintiff does not dispute.

In the City of New York, owners of one- and two-family dwellings, which are dwellings that may only be legally occupied for permanent residence purposes,[1] are prohibited from renting an entire dwelling unit[2] for less than thirty days.  See New York City Administrative Code ("Admin. Code") §§ 27-2004, 28-118.3.2; New York City Building Code ("Building Code") § 310.2.  On the other hand, such owners may rent a part of a dwelling unit for less than thirty days to a maximum of two paying guests, lawful boarders, roomers or lodgers, as long as they all "share" the same dwelling unit.  See Admin. Code § 27-2004(4) and (6) (defining "family" and "private dwelling").  On June 28, 2018, an anonymous "311" complaint was received alleging that there was illegal transient activity in the basement of the Subject Building.  This was not the first complaint about such use at that location.  Indeed, a

---

[1] "Permanent residence purposes" is defined as the "occupancy of a dwelling unit by the same natural person or family for thirty consecutive days or more." Admin. Code § 27-2004(8).

[2] "Dwelling unit" is defined as "any residential accommodation in a multiple dwelling or private dwelling" (e.g., one- and two-family dwellings).  Admin. Code § 27-2004(13).

similar "311" complaint had been received almost a year and a half earlier in February 2017, leading to an inspection that resulted in the issuance of the same violations.  As statutorily mandated, the City responded to the June 28, 2018 "311" complaint, and following an investigation, Defendant Eduardo Cautela, a Construction Inspector with the New York City Department of Buildings ("DOB"), issued and served four summonses on the Plaintiff for violations of the Admin. Code and Building Code.  The administrative hearing on these violations has yet to take place.

Now, less than two weeks after the inspection,[3] Plaintiff has commenced the instant action asserting First and Fourteenth Amendment retaliation claims and a Fourteenth Amendment substantive due process claim allegedly arising from the City's enforcement of the aforementioned laws.  As detailed herein, with respect to his First and Fourteenth Amendment retaliation claims, Plaintiff fails to state a claim on two grounds.  First, he fails to assert a sufficient nexus between his speech and the City's enforcement action.  Instead, Plaintiff merely offers bald allegations that his participation in an advertisement on behalf of Airbnb, as well as his testimony at a June 26, 2018 New York City Council committee hearing, motivated the inspection of the Subject Building, which resulted in the issuance of the four summonses.  Yet, Plaintiff's conclusory claims are contradicted by public records evidencing the receipt of a "311" complaint that resulted in the aforementioned inspection and enforcement action.

Second, Plaintiff fails to adequately assert that his speech has been chilled. Indeed, on the date that he filed this lawsuit, Plaintiff held a press conference in which he

---

[3] This lawsuit was filed on the same day that the New York City Council unanimously passed one of the pieces of legislation that was discussed at the June 26, 2018 committee hearing where the Plaintiff testified.  The timing of the lawsuit does not appear to be a coincidence.

discussed his rental activity through Airbnb and attacked the City's regulation of short-term rentals. Plaintiff has also continued to advertise his two-family dwelling on Airbnb.com, undermining any claim on his part that his behavior has been altered by the City's actions.

Similarly, with regard to his Fourteenth Amendment substantive due process claim, Plaintiff fails to state a claim that is plausible on its face. First, he fails to set forth that he has been deprived of any property interest based on government action. Second, Plaintiff fails to plead the conscious-shocking conduct required to substantiate a substantive due process violation. The City received a "311" complaint regarding illegal activity in the basement of Plaintiff's two-family dwelling, which, by law, the City was obligated to investigate. See Admin. Code § 28-103.18. Based on that investigation, the four summonses were issued. Contrary to Plaintiff's conclusory allegations, the City's regulation of short-term rentals of one- and two-family dwellings is not a newfound policy. See, e.g., Admin. Code §§ 27-2004, 28-118.3.2; Building Code § 310.2.

Based on the foregoing, Plaintiff cannot establish a violation of his constitutional rights. In addition, the First Amended Complaint fails to set forth the required personal involvement of Defendants Wong, Canonica, and Gillen (together with Defendant Cautela, the "Individual Defendants") – who did not issue any summonses on July 5, 2018 – to establish liability under section 1983. Lastly, all of the Individual Defendants are entitled to qualified immunity under federal law as their actions were objectively reasonable on July 5, 2018, and thus, all federal claims must be dismissed against them.

Accordingly, the First Amended Complaint should be dismissed in its entirety.

## STATEMENT OF FACTS

In a publicly recorded deed filed on or about December 4, 1989, Dorothy W. Karol and Stanley Karol are listed as the owners of the Subject Building located at 418 37th Street, Brooklyn, New York, Block 701, Lot 14. <u>See</u> Ex. "A."[4]  The Subject Building is a two-family dwelling with "two floors and a basement."  Am. Compl. ¶¶ 2, 25; <u>see also</u> Ex. "B."  As noted in the First Amended Complaint, "[t]he basement has a kitchen, a bathroom, and one large general-purpose room."  Am. Compl. ¶ 25.

### Advertising of the Subject Building on Airbnb and First "311" Complaint

Plaintiff admits that, since in or about 2013, he has listed "a room on his second floor and his basement on Airbnb for short-term guests."  Am. Compl. ¶¶ 30, 33.  On February 10, 2017, an anonymous "311" complaint was received about the use of the basement of the Subject Building as an "illegal short stay rental."  Ex. "C"; <u>see also</u> Am. Compl. ¶ 36.  On April 24, 2017, City inspectors visited the Subject Building to investigate the February 10, 2017 complaint.  <u>See</u> Ex. "C"; Am. Compl. ¶ 37.  Following that inspection, a DOB inspector issued four "Notices of Violation and Hearing" to Dorothy W. Karol for the violating conditions observed at the Subject Building.  <u>See</u> Exs. "C" and "D"; Am. Compl. ¶ 38.  The summons with Violation No. 35220980R charged Ms. Karol with a violation of Admin. Code § 28-118.3.2 for "occupancy contrary to that allowed by the Building Department records which indicates 2 units above ground[;] now basement illegally converted into transient use."  Ex. "D."  The summons with Violation No. 35220981Z charged Ms. Karol with a violation of Admin. Code § 28-301.1 for "failure to maintain building in code-compliant manner[;] [f]ailure to provide number of

---

[4] All exhibits referenced herein are annexed to the Declaration of Carlos Fernando Ugalde Alvarez, dated September 4, 2018.

4

required means of egress for every floor . . . for transient use at basement level." Id.  The summons with Violation No. 35220982K charged her with a violation of Building Code § 907.2.8 for "failure to provide fire alarm system for transient use."  Id.  The summons with Violation No. 35220983M charged Ms. Karol with a violation of Admin. Code § 28-301.1 for "failure to maintain building in code-compliant manner[;] lack of a system of automatic sprinklers where is required . . . for transient use."  Id.

Following the hearing on July 3, 2017 before the New York City Office of Administrative Trials and Hearings ("OATH"), each of the four summonses issued to Dorothy W. Karol was dismissed because proof was shown that Ms. Karol was deceased, and the hearing officer found that she "did not have ownership or control of the [Subject Building] on the date the summons[es] w[ere] issued."  Ex. "E"; see also Am. Compl. ¶ 38.  Thus, there was no adjudication on the merits of the 2017 summonses.

**Plaintiff's Public Comments**

In or about May 2018, Plaintiff alleges that he appeared in a television advertisement with other individuals to criticize the hotel industry, and that the advertisement was subsequently uploaded to YouTube.  Am. Compl. ¶ 62 (citing https://www.youtube.com/watch?v=BvpUSc1CJ2Q).  In the video advertisement, Plaintiff did not address the City's regulation of the short-term rental market or provide his full legal name or address.  See id.  On June 26, 2018, the New York City Council's Committee on Housing and Buildings held a public hearing on proposed legislation relating to short-term rentals.  See Am. Compl. ¶ 58.  Specifically, the Committee considered Introduction No. 981 ("Intro. No. 981-2018"), see Ex. "F," Preconsidered Introduction No. 995 ("Preconsidered Intro. No. 995-2018"), see Ex. "G," and Introduction No. 554 ("Intro. No. 554-2018"), see Ex. "H."  First, Intro. No. 981-2018 provided that online platforms offering booking services would be required to provide

5

the Mayor's Office of Special Enforcement ("OSE") certain information about hosts who have rented out their dwellings for a period of less than thirty days.[5]  See Ex. "F."  Second, Preconsidered Intro. No. 995-2018 would exempt owners of one- and two-family dwellings from Admin. Code § 28-210.3."[6]  See Ex. "G."  Third, Intro. No. 554-2018 would increase the penalty amount that could be imposed if an owner is found to have illegally converted a dwelling unit that is classified for permanent residential use.  See Ex. "H."

Plaintiff appeared at the June 26, 2018 public hearing supposedly to oppose Intro. No. 981-2018.  Am. Compl. ¶¶ 9, 59.  Before speaking at the hearing, Plaintiff submitted an "Appearance Card" to the City Council's Sergeant-At-Arms that listed his name as "Skip Karol," not Stanley Karol, and that omitted his address.  See Ex. "I" at 81.  During his brief testimony before the Committee, Plaintiff identified himself by the first name "Skip," not Stanley, and in the official hearing transcript that was made available to the public after the hearing, Plaintiff's

---

[5] The language in Intro. No. 981-2018 was later amended and approved by the Committee on July 18, 2018.  Ultimately, the resulting bill (i.e., Introduction No. 981-A) was passed by the City Council on July 18, 2018 and signed into law by the Mayor on August 6, 2018.

[6] Admin. Code § 28-210.3 governs illegal conversion of "dwelling units within (i) a class A multiple dwelling as defined in section 27-2004 of the administrative code, (ii) occupancy group J-2 as described in section 27-265 of the administrative code or (iii) occupancy group R-2 as described in section 310.1.2 of the New York city building code shall be used only for permanent residence purposes as required pursuant to subparagraph a of paragraph eight of subdivision a of section 27-2004 of the administrative code."  A two-family dwelling like the Subject Building is not covered by Admin. Code § 28-210.3.

last name was noted as "Carroll."[7]  See Ex. "J" at 2, 118-21.  In relevant part, Plaintiff testified

as follows: "[A]ll I'm asking you to do is write a law that is narrow enough so it's not going to

target someone with a two-family house or a one-family house.  I'm being put into the same

category that people in—that own 100 apartments are being put into with no regard to what's

happening to me."  Id. at 119.  In response to Plaintiff's testimony, Councilmember Robert E.

Cornegy referenced the legislation that he was sponsoring (i.e., Preconsidered Intro. No. 995-

2018), which would supposedly allow the conversion of one- and two-family dwellings from

permanent residential use to transient use.  Id. at 119-20.  During his testimony, Plaintiff offered

no statements in opposition to the disclosure requirements set forth in Intro. No. 981-2018.  See

id. at 118-21.

**The June 28, 2018 "311" Complaint and the Issuance of the July 5, 2018 Summonses**

On June 28, 2018, another anonymous "311" complaint was received about the

use of the basement of the Subject Building, which has "a boiler [and] [was] being rented out as

a short stay (AIR B&B)."  Ex. "K."  On July 5, 2018, City inspectors visited the Subject

Building to investigate the June 28, 2018 complaint.  See id.; see also Am. Compl. ¶ 73.  After

investigating the complaint, Defendant Eduardo Cautela, a DOB Construction Inspector, issued

four "Summonses and Commissioner's Orders," dated July 5, 2018, to Plaintiff for violating

conditions observed at the Subject Building.  See Exs. "K" and "L"; see also Am. Compl. ¶ 79.

The summons with Violation No. 35330247L charged Plaintiff with a violation of Admin. Code

§ 28-118.3.2 for "occupancy contrary to that allowed by the Department of Buildings records[;]

[i]llegal occupancy noted: [b]asement illegally converted to transient use."  Ex. "L"; see also

---

[7] The transcript shows that thirty-six people in total testified at the Committee hearing, while

numerous other individuals submitted written comments about the proposed legislation.

Am. Compl. ¶ 80.   The summons with Violation No. 35330248N charged Plaintiff with a violation of Building Code § 907.2.8 for "failure to provide fire alarm system for transient use." Id.   The summons with Violation No. 35330249P charged Plaintiff with a violation of Admin. Code § 28-301.1 for "failure to maintain building in code-compliant manner[;] [l]ack of a system of automatic sprinklers where is required . . . for transient use."   Id.   The summons with Violation No. 35330300L charged Plaintiff with a violation of Admin. Code § 28-301.1 for "failure to maintain building in code-compliant manner[;] [f]ailure to provide number of required means of egress for every floor . . . for transient use."   Id.   Plaintiff has been summoned to appear on the four violations before the OATH Hearings Division on September 10, 2018, at 8:30 a.m. Id.

### The Commencement of the Instant Action and Plaintiff's July 18, 2018 Press Conference

On July 18, 2018, the same day the New York City Council passed Intro. No. 981-A, Plaintiff commenced the instant action by filing the Complaint.   See Dkt. No. 1.   Also, on the same day he commenced the instant action, Plaintiff held a press conference where he discussed his rental activity through Airbnb and attacked the City's regulation of short-term rentals.   See Exs. "M" and "N."

### Plaintiff's Continued Advertising of the Subject Building on Airbnb

On August 14, 2018, the day after the First Amended Complaint was filed in this case, Plaintiff advertised the Subject Building on Airbnb.com.   See Exs. "O" and "P."   As of September 4, 2018, Plaintiff has continued to advertise the Subject Building on Airbnb.com.   See Exs. "Q" and "R."   This includes the basement that is advertised by Plaintiff as a studio apartment that may be rented in its entirety.   Exs. "O" and "Q."

## ARGUMENT

To survive a motion to dismiss pursuant to Rule 12(b)(6), a pleading must contain sufficient factual matter, accepted as true, so as to make a claim plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007). A court, though, is not obligated to accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678. To meet the "facial plausibility" standard, a pleading must set forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This standard requires a court to reject "threadbare recitals" of the elements of a cause of action "supported by mere conclusory statements," and, with respect to well-pleaded facts, requires "more than a sheer possibility that a defendant has acted unlawfully." Id. In fact, when a complaint pleads facts "that are 'merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). A court need undertake a "context-specific task" that requires it to draw on its judicial experience and common sense. Id. at 679. Thus, "where the well-pleaded facts do not permit the court to infer more that the mere possibility of misconduct," the complaint has failed to demonstrate that the pleader is entitled to relief. Id. (citing Rule 8(a)(2)).

In assessing a Rule 12(b)(6) motion, a court may look to the facts alleged in the complaint, documents attached thereto or incorporated by reference, documents that are "integral" to the plaintiff's claims even if not expressly incorporated by reference, as well as matters of public record and documents in plaintiff's possession, or that plaintiff knew of or relied upon, in bringing suit. Chambers v. Time Warner, 282 F.3d 147, 152-53 (2d Cir. 2002); Cortec Indus. v. Sum Holding L.P., 949 F.2d 42, 46-48 (2d Cir. 1991). In addition, a court may take judicial notice of facts that are "generally known within the trial court's territorial

jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  FED. R. EVID. 201(b); see also DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).  This includes press coverage, such as newspaper articles.  See Garber v. Legg Mason Inc., 347 Fed. Appx. 665, 669 (2d Cir. 2009); In re UBS Ag Sec. Litig., No. 07-11225, 2012 U.S. Dist. LEXIS 141449, at *106, n.28 (S.D.N.Y. Sept. 28, 2012); Schubert v. City of Rye, 775 F. Supp. 2d 689, 711, n.20 (S.D.N.Y. 2011).

In sum, a motion to dismiss under Rule 12(b)(6) must be granted where, as here, Plaintiff's claims are not plausible on their face.

## POINT I

## PLAINTIFF FAILS TO ASSERT A VALID FIRST AMENDMENT RETALIATION CLAIM.

To prevail on a claim for First Amendment retaliation, Plaintiff must prove that (1) he has an interest protected by the First Amendment; (2) Defendants' actions were motivated or substantially caused by Plaintiff's exercise of that right; and (3) Defendants' actions effectively chilled the exercise of Plaintiff's First Amendment rights.  Curley v. Vill. of Suffern, 268 F.3d 65, 73 (2d Cir. 2001) (citing Connell v. Signoracci, 153 F.3d 74, 79 (2d Cir. 1998)). Based on the First Amended Complaint, Plaintiff cannot satisfy all three prongs of this standard, and thus, his First Amendment retaliation claim[8] must be dismissed.

---

[8] Plaintiff indicates that his retaliation claim is also brought pursuant to the Fourteenth Amendment, although the allegations appear to be solely directed toward establishing a First Amendment retaliation claim.

A.      **Plaintiff Fails to Assert a Sufficient Nexus Between His Speech and the City's Enforcement Action.**

Plaintiff has not sufficiently asserted that his appearance in an Airbnb advertisement or his speech purportedly criticizing proposed legislation applicable to Airbnb at a June 26, 2018 hearing was a "substantial" or "motivating" factor in the Individual Defendants' actions on July 5, 2018, and thus, he has not sufficiently pleaded (nor can he establish) the causal link required for a First Amendment retaliation claim.  See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 286 (1977); Women's Interart Center, Inc. v. N.Y.C. Economic Dev. Corp., No. 05-4871, 2007 U.S. App. LEXIS 286 (2d Cir. Jan. 3, 2007).  First Amendment retaliation claims "must be 'supported by specific and detailed factual allegations; not stated in wholly conclusory terms.'"  Estate of Brian Patrick Morris, by Janine Morris Administratrix v. Dapolito, 297 F. Supp. 2d 680, 692 (S.D.N.Y. 2004) (quoting Friedl v. City of N.Y., 210 F.3d 79, 85-86 (2d Cir. 2000)).

In the instant case, Plaintiff merely offers bald allegations that his alleged criticism of the hotel industry in an advertisement in or about May 2018 and his alleged criticism of proposed legislation applicable to Airbnb on June 26, 2018 motivated the inspection of the Subject Building on July 5, 2018 and the issuance of the four summonses for building code violations.  See Am. Compl. ¶¶ 93-94.  In setting forth his First Amendment retaliation claim, Plaintiff generically states that he "engaged in protected First Amendment speech and petitioning activity when he made public statements in an online advertisement and testified at the public hearing on June 26, 2018," and that the Individual Defendants "fabricat[ed] the alleged complaint or respond[ed] to the June 28, 2018 call within one week . . . driven by a desire to retaliate." Id. ¶¶ 93, 95.  Such blanket conclusory claims, which are contradicted by indisputable

11

public records, necessitate a finding that Plaintiff has not set forth a claim that is "facially plausible" as required by Iqbal.

First, Plaintiff's assertion that the "311" complaint did not exist or was fabricated is contradicted by New York City Department of Buildings' records which show that, on June 28, 2018, a "311" complaint was received. See Ex. "K." Second, irrespective of who made that anonymous "311" call,[9] the City is obligated by law to investigate all complaints. See Admin. Code § 28-103.18 ("The [DOB] commissioner shall cause all complaints to be investigated.").[10] Third, other than asserting in a conclusory fashion that the violations are "baseless" (Am. Compl. ¶ 82), Plaintiff does not dispute that he has been renting out his basement for short-term transient use and that such activity is prohibited under local law, see generally Am. Compl.  Fourth, Plaintiff fails to plead (i) that the Individual Defendants saw the Airbnb online advertisement, which did not identify Plaintiff by his full legal name or address,[11] (ii) that they were present at

---

[9] It stands to reason that if Plaintiff had any evidence to support his claim that the Individual Defendants "fabricat[ed]" the "311" complaint, his pleadings in this regard would have been factually detailed as opposed to the insufficient conclusory allegations offered.

[10] While Plaintiff attempts to utilize the fact that the June 26, 2018 "311" complaint was investigated quicker than the February 10, 2017 "311" complaint as evidence of some sort of nefarious intent, Plaintiff fails to identify how investigating a complaint sooner rather than later gives rise to a constitutional violation.  Indeed, the same type of illegal short-term occupancy in the basement was found on both occasions and, by Plaintiff's own admission, has been going on continuously since 2013.

[11] In the online advertisement, Plaintiff only criticized the Hotel Industry and did not address the City's regulation of the short-term rental market.  See Exs. "M" and "N."

the June 26, 2018 public hearing, or (iii) how they allegedly became aware of Plaintiff's public statements.  Lastly, leaving aside the fact that Plaintiff did not actually criticize the proposed legislation at the June 26, 2018 hearing,[12] Plaintiff failed to adequately identify himself during his testimony, making it implausible that the Individual Defendants connected that testimony to a "311" complaint received days later related to the Subject Building.  See Ex. "J" at 118-21.[13]

Therefore, as Plaintiff has not plausibly set forth a causal relationship between his speech and the Individual Defendants' inspection in response to a "311" complaint, as well as Defendant Cautela's issuance of summonses based on the undisputed violating conditions observed, his claim of First Amendment retaliation must be dismissed.

### B.   Plaintiff Fails to Adequately Assert That His Speech Has Been Chilled.

To substantiate a First Amendment retaliation claim, a plaintiff must also show that his First Amendment rights were "actually chilled."[14]  Curley, 268 F.3d at 73 (quoting Davis v. Vill. Park II Realty Co., 578 F.2d 461, 464 (2d Cir. 1978)).  "[A]llegations of a subjective

---

[12]  During his testimony, Plaintiff offered no statements in opposition to the disclosure requirements set forth in Intro. No. 981-2018, which was the only legislation discussed at the June 26, 2018 hearing that has thus far been enacted.  See Ex. "J" at 118-21.

[13]  Before speaking at the hearing, Plaintiff submitted an "Appearance Card" that listed his name as "Skip Karol," not Stanley Karol, and that intentionally omitted his address.  See Ex. "I" at 81. And, during his brief testimony, Plaintiff identified himself by the first name "Skip," not Stanley, and, in the official hearing transcript that was made available to the public after the hearing, his last name was noted as "Carroll."  See Ex. "J" at 2, 118-21.

[14]  Some cases "cast this requirement in terms of standing."  Gill v. Pidlypchak, 389 F3d 379, 381 (2d Cir. 2004); see, e.g., Colombo v. O'Connell, 310 F.3d 115, 117 (2d Cir. 2002).

'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm."  Laird v. Tatum, 408 U.S. 1, 13-14 (1972).  The Second Circuit has indicated that "[w]here a party can show no change in his behavior, he has quite plainly shown no chilling of his First Amendment right to free speech."  Curley, 268 F.3d at 73; see also Williams v. Town of Greenburgh, 535 F.3d 71, 78 (2d Cir. 2008).

   Here, Plaintiff alleges that "[t]he Individual Defendants' actions have effectively chilled Plaintiff's exercise of First Amendment rights" because "Plaintiff has declined to engage in further flier distribution or participate in public hearings about the short-term rental market."  Am. Compl. ¶¶ 96-97.  Plaintiff's claim of chilling is undermined and rendered implausible in several respects.  First, as there have been no further scheduled public hearings on any proposed legislation to regulate the short-term rental market, Plaintiff could not have "declined to . . . participate" in such hearings.  Second, on the date that he filed this lawsuit, and thus, after the alleged retaliatory action, Plaintiff held a press conference in which he discussed his rental activity through Airbnb and attacked the City's regulation of short-term rentals.  See Exs. "M" and "N."[15]  Third, despite alleging that "he is scared to continue renting out rooms in his home for fear of increased enforcement against him" (Am. Compl. ¶ 89), Plaintiff continues to advertise the Subject Building on Airbnb.com, as he has done since 2013.  See Exs. "O"-"R."

---

[15] The Court can take judicial notice of press coverage and newspaper articles to determine what statements they contain.  Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991); see also FED. R. EVID. 201(b); DiFolco, 622 F.3d at 111; Garber, 347 Fed. Appx. at 669; In re UBS Ag Sec. Litig., 2012 U.S. Dist. LEXIS 141449, at *106, n.28; Schubert, 775 F. Supp. 2d at 711, n.20.

Therefore, as Plaintiff has not pleaded (and indisputably cannot show) that his speech has been actually chilled as a result of the alleged retaliatory City action, his First Amendment retaliation claim must be dismissed.

### POINT II

### PLAINTIFF CANNOT ESTABLISH A SUBSTANTIVE DUE PROCESS VIOLATION.

Substantive due process prevents the government from grossly abusing its authority so as to deprive an individual of a property interest or a fundamental right.  Natale v. Town of Ridgefield, 170 F.3d 258, 262-63 (2d Cir. 1999).  To prevail on a substantive due process claim involving executive action, a plaintiff has to prove that: (i) the executive action at issue involves a valid property interest; and (ii) "defendants infringed on that property right in an arbitrary or irrational manner."  Cine SK8, Inc. v. Town of Henrietta, 507 F.3d 778, 784 (2d Cir. 2007) (citing Harlen Assocs. v. Inc. Vill. of Mineola, 273 F.3d 494, 503 (2d Cir. 2001)); see also Pena v. DePrisco, 432 F.3d 98, 112 (2d Cir. 2005) ("[T]o establish a violation of a right to substantive due process, a plaintiff must demonstrate . . . that the government action was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" (quoting Cty. of Sacramento v. Lewis, 523 U.S. 833, 847 (1998)).  In addition to showing conscience-shocking government actions, a plaintiff must show that "the scheme challenged served no legitimate state interest."  Rackley v. City of N.Y., 186 F. Supp. 2d 466, 480 (S.D.N.Y. 2002).  Substantive due process "does not forbid governmental actions that might fairly be deemed arbitrary or capricious and for that reason correctable in a state court lawsuit seeking review of administrative actions."  Natale, 170 F.3d at 263.

As a preliminary matter, Plaintiff fails to set forth that he has been deprived of any property interest based on government action.  See generally Am. Compl.; see also, e.g.,

Schwasnick v. Fields, No. 08-4759, 2010 U.S. Dist. LEXIS 65958, at *16-17 (E.D.N.Y. June 30, 2010) (no property interest in time or money spent defending a violation); Andrews v. City of New York, No. 01-7333, 2004 U.S. Dist. LEXIS 30290, at *39 (E.D.N.Y. Nov. 22, 2004) ("Notices of violations do not entail a deprivation of property").[16]  Further, Plaintiff fails to plead the conscious-shocking conduct required to substantiate a substantive due process violation. Specifically, the Second Circuit has found that this prong may be satisfied if a plaintiff shows "that defendants acted based on unlawful animus." Cine SK8, Inc, 507 F.3d at 785.  Conduct rises to this standard if it is "tainted with . . . racial animus' or 'fundamental procedural irregularity." Natale, 170 F.3d at 262; see also Cine SK8, Inc., 507 F.3d at 785 (finding that the Town Board's actions were "tainted with fundamental procedural irregularity").

Here, the City's actions do not amount to unlawful animus or the conscious-shocking conduct required for a substantive due process violation.  The City received a "311" complaint regarding illegal occupancy of the basement at the Subject Building.  See Ex. "K."  By law, the City was obligated to investigate that complaint.  See Admin. Code § 28-103.18. Following an investigation, DOB Construction Inspector Cautela issued four summonses for building code violations related to unlawful transient use in the basement.  See Ex. "L."  Other than characterizing the violations as "baseless," Plaintiff simply fails to dispute that he was renting out the basement for transient use (i.e., less than 30 days) and that such activity is prohibited under local law.  See generally Am. Compl.

---

[16] To the extent that Plaintiff alludes to the potential fines associated with the four summonses as the basis for his due process claim, such a claim is also not ripe for review as the injury is speculative in nature.  See United States v. Balon, 384 F.3d 38, 46 (2d Cir. 2004).  The administrative hearing on those summonses has yet to take place.

Finally, contrary to Plaintiff's conclusory allegations, the City's regulation of short-term rentals of one- and two-family dwellings is not a newfound policy. Plaintiff cannot dispute that summonses for the exact same unlawful conditions were issued on April 24, 2017. See Am. Compl. ¶ 38; see also Exs. "D" and "E." Moreover, it is well-understood that owners of one- and two-family dwellings may not rent an entire dwelling unit for less than thirty days. See Admin. Code §§ 27-2004, 28-118.3.2; Building Code § 310.2.

Accordingly, as Plaintiff has neither pleaded that he has been deprived of any property interest based on government action, nor set forth the conscious-shocking conduct required to substantiate a substantive due process violation, his claim fails as a matter of law and must be dismissed.

### POINT III

### PLAINTIFF FAILS TO SET FORTH PERSONAL INVOLVEMENT ON BEHALF OF DEFENDANTS WONG, CANONICA, AND GILLEN.

In order to prevail on his claims under 42 U.S.C. § 1983, Plaintiff must show that he was denied a constitutional or federal statutory right and that the deprivation occurred under color of state law. See 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988). As described above, the First Amended Complaint does not adequately set forth that Plaintiff has suffered a deprivation under the First or Fourteenth Amendment that is redressable in federal court. Accordingly, the First Amended Complaint should be dismissed in its entirety. However, should this Court determine that dismissal of the entire First Amended Complaint is not warranted at this stage of the litigation, the First Amended Complaint still fails to set forth the required personal involvement of Defendants Wong, Canonica, and Gillen to establish liability under § 1983, and thus, those three individual defendants should be dismissed from the case. See

17

Shomo v. City of N.Y., No. 07-1208, 2009 U.S. App. LEXIS 23076, at *17 (2d Cir. Sept. 2, 2009).

   At no point in the First Amended Complaint does Plaintiff allege facts that would support a finding that Defendants Wong, Canonica, and Gillen were personally involved in the issuance of the four summonses on July 5, 2018.  See generally Am. Compl.  Nor could he.  As is plain from the face of the summonses, they were issued by DOB Construction Inspector Cautela, who was the only individual authorized to issue building code violations on July 5, 2018.  See Ex. "L."  Plaintiff seemingly attempts to connect Defendants Wong, Canonica, and Gillen to the alleged wrongdoing by noting that they were present during the July 5, 2018 inspection.  See Am. Compl. ¶¶ 72-79.  As previously noted, the Admin. Code requires that all complaints be investigated.  See Admin. Code § 28-103.18.  As such, the City has no discretion in that regard.  Plaintiff points to no legal provision, in the U.S. Constitution or otherwise, that prohibits City inspectors from going to a location to investigate a complaint and ask questions.  Defendants Wong, Canonica, and Gillen, who work for the FDNY and the Sheriff's Office respectively, participated in the July 5, 2018 inspection at the Subject Building with DOB Construction Inspector Cautela, but Defendants Wong, Canonica, and Gillen did not issue the four summonses which serve as the basis for Plaintiff's claims.

   Accordingly, as Plaintiff has failed to set forth any facts substantiating that Defendants Wong, Canonica, and Gillen were personally involved in the issuance of the summonses, all claims against these three Defendants must be dismissed.

## POINT IV

## THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY UNDER FEDERAL LAW.

The First Amended Complaint fails to identify whether the Individual Defendants are named in their official or individual capacities, or both.   See generally Am. Compl. However, to the extent that it can be construed that they are named in their individual capacities, the Individual Defendants are entitled to qualified immunity under federal law and thus, all federal claims asserted against them must be dismissed.  The law of qualified immunity is well settled in the Second Circuit:

> Qualified immunity shields government officials from liability for civil damages as a result of their performance of discretionary functions, and serves to protect government officials from the burdens of costly, but insubstantial lawsuits. Government actors performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Even where the plaintiff's federal rights and the scope of the official's permissible conduct are clearly established, the qualified immunity defense protects a government actor if it was objectively reasonable for him to believe that his actions were lawful at the time of the challenged act.

Lennon v. Miller, 66 F.3d 416, 420 (2d Cir. 1995) (citations and internal quotation marks omitted); see also Saucier v. Katz, 533 U.S. 194 (2001).

While the Individual Defendants were required to investigate the "311" complaint received on June 28, 2018, see Admin. Code § 28-103.18, they did have discretion in taking enforcement action following that investigation on July 5, 2018.  Accordingly, even if Plaintiff can establish some violation of his rights, which Defendants respectfully submit he cannot, the

Individual Defendants' exercise of discretion in taking the complained-of enforcement action, to wit, the issuance of four summonses for building code violations by DOB Construction Inspector Cautela, was objectively reasonable in light of the transient use discovered in the basement on July 5, 2018, a use that is not disputed by the Plaintiff. <u>See</u> <u>generally</u> Am. Compl.

Moreover, it was objectively reasonable for the Individual Defendants to believe their conduct was lawful at the time the enforcement action was taken.  On April 24, 2017, City inspectors investigated Plaintiff's private dwelling and a DOB inspector issued four summonses for the exact same building code violations, which were only dismissed because "they had been issued in the name of Mr. Karol's mother, who was deceased."  Am. Compl. ¶ 38; <u>see</u> <u>also</u> Exs. "D" and "E."   Furthermore, current law sets forth that an owner of one- and two-family dwellings is prohibited from renting an entire dwelling unit for less than thirty days.[17]   <u>See</u> Admin. Code §§ 27-2004, 28-118.3.2; Building Code § 310.2.

Therefore, the Individual Defendants are entitled to qualified immunity under federal law, and all claims against them must be dismissed.

---

[17] Of note, on Airbnb.com, Plaintiff identifies the basement of the Subject Building as an "entire house" and a studio apartment that may be rented in its entirety.  Exs. "O" and "Q."  This is in stark contrast to the room that he advertises on his second floor which is identified as a share with the home owner.  Exs. "P" and "R."

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants' motion for an order and judgment dismissing the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) should be granted in all respects, together with such other and further relief as this Court deems just and proper.

Dated:          New York, New York
               September 4, 2018

                              **ZACHARY W. CARTER**
                              Corporation Counsel of the City of New York
                              Attorney for Defendants


                              By:____/s/ Karen B. Selvin_____
                                   Karen B. Selvin (KS-3816)
                                   Carlos Fernando Ugalde Alvarez (CU-3171)
                                   100 Church Street, Rm. 5-143
                                   New York, New York  10007
                                   Tel: 212-356-2208
                                   Email: kselvin@law.nyc.gov

## **CERTIFICATION**

I hereby certify that in accordance with Rule 2(D) of the Individual Rules of Practice of Judge John G. Koeltl, this memorandum of law contains 6,180 words and that this memorandum of law complies with the formatting requirements set forth in Rule 2(D).

Dated:  New York, NY
        September 4, 2018


_____/s/ Karen B. Selvin_____
Karen B. Selvin (KS-3816)