UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STANLEY KAROL,

                              Plaintiff,

-against-

CITY OF NEW YORK, KENNETH K. WONG, Badge No. 8, EDUARDO CAUTELA, Badge No. 2903, ROBERT P. CANONICA, Badge No. 195, and MICHAEL J. GILLEN, Badge No. 905,

                              Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: _1-10-2020_

**STIPULATION AND PROTECTIVE ORDER**

18 CV 6467 (JGK)

Subject to the Court's approval, the parties in the above-captioned action (this "Action")—*i.e.*, Plaintiff Stanley Karol and Defendant Eduardo Cautela (individually, a "Party," and collectively, the "Parties")—as well as the City of New York (the "City"), hereby stipulate to the following protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. This Stipulation and Protective Order (i) limits the review, copying, dissemination, and filing of confidential and/or highly confidential material (as defined herein), and (ii) sets forth the procedures for designating and protecting such material.

*Designation of Discovery Materials as Confidential or Highly Confidential*

1.     This Stipulation and Protective Order shall apply to, and govern, all confidential or highly confidential information, as defined in Paragraphs 3 and 4 herein ("Protected Material"). This Protected Material could include: (a) information disclosed in depositions; (b) documents produced in response to requests for production of documents; (c) answers to interrogatories; (d) responses to requests for admissions; (e) all other discovery in any form; and (f) all copies thereof and information contained therein.

2. When used in this Stipulation and Protective Order, the phrase "Disclosing Party" shall refer to the Parties or the City of New York producing Protected Material, and the phrase "Receiving Party" shall refer to the Parties receiving Protected Material from a Disclosing Party.

3. A Disclosing Party may designate as "CONFIDENTIAL" any information, whether or not embodied in any physical or electronic medium, that the Disclosing Party believes in good faith constitutes (a) proprietary, governmental or sensitive information that is used in, or pertaining to, the Disclosing Party's business or operations, which information is not generally known and which the Disclosing Party would normally not reveal to third parties or, if so revealed, would cause such third parties to maintain in confidence, and/or (b) information that falls into one or more of the following categories: (i) information that—by itself or in combination with other information—may identify a person (*e.g.*, names, personal addresses, phone numbers, e-mail addresses, birth dates, Social Security numbers, driver's license numbers, and IP addresses); (ii) medical, psychological, or mental health records and other medical information; (iii) financial account information and Social Security numbers; (iv) dates of birth; or (v) information required to be kept confidential by law or by court order, provided however that any person or entity has the right to waive confidentiality with respect to information pertaining to him, her, or it to the extent permitted under law.

4. A Disclosing Party may designate as "HIGHLY CONFIDENTIAL" any information, whether or not embodied in any physical or electronic medium, that the Disclosing Party believes in good faith—by itself or in combination with other information—may identify a person who has submitted to the City of New York, in any form, an anonymous complaint about Plaintiff and/or the dwelling located at 418 37th Street, Brooklyn, New York (*e.g.*, names,

2

personal addresses, phone numbers, e-mail addresses, birth dates, Social Security numbers, driver's license numbers, and IP addresses).

5. Nothing herein shall impose any additional confidentiality obligation upon: (i) information that was or is in the public domain; (ii) information that already was in the possession of the Receiving Party in the form in which it was produced; (iii) information known to the Receiving Party through proper means; or (iv) information obtained by a Party or the City from a source other than the Disclosing Party who is or was rightfully in possession of such information on a non-confidential basis. A Party may challenge a designation, pursuant to Paragraph 20, on the basis that information would be obtainable through a public records request.

6. In the event any Receiving Party subsequently receives a public record request, subpoena, or other process or order to produce such information, such Receiving Party shall promptly notify the Disclosing Party and provide it with a copy of the request, and shall make reasonable efforts to provide the Disclosing Party with reasonable time to object to such disclosure. Nothing in this Stipulation and Protective Order shall be construed (a) to require the Receiving Party to give written notice where prohibited by law, (b) to relieve or prevent any Party from discharging its duties under law, or (c) to release and discharge any Party from its obligations to comply with requests that are made for documents.

*Who May Receive Protected Material & Use Limitations*

7. Protected Material subject to this Stipulation and Protective Order may be used only for purposes of this Action and shall not be disclosed by the Receiving Party to anyone other than those listed in Paragraphs 10 and 11 herein, except by prior written agreement of the Parties and the City, or by order of the Court. Any person receiving Protected Material shall use reasonable measures to store and maintain the Protected Material so as to prevent unauthorized

3

disclosure. Reasonable measures include, but are not limited to, taking any necessary action to maintain the security and integrity of data and files.

8. Persons to whom Protected Material is disclosed per Paragraphs 10 and 11 herein shall be informed, prior to being shown materials marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that he/she (i) is being shown such materials solely for use in this Action, and (ii) shall not retain any documents marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" after the termination of this Action.

9. The recipient of any Protected Material that is provided under this Stipulation and Protective Order shall maintain such material under direct control of counsel for the Receiving Party, who shall use reasonable efforts to prevent any disclosure thereof, except in accordance with the terms of this Stipulation and Protective Order. All copies, reproductions, summarizations, extractions, and abstractions of the Protected Material shall be subject to the terms of this Stipulation and Protective Order and labeled in the same manner as the designated material upon which they are based.

10. In the absence of an order of the Court, Protected Material designated as "CONFIDENTIAL" may be disclosed or made available only to the following persons:

    a. The named parties to this Action and the attorneys working on this Action on behalf of any party, in-house/agency attorneys, paralegals and staff, stenographic and clerical employees, and contractors working under the direct supervision of such counsel;

    b. Any expert or consultant who is expressly retained by any attorney described in Paragraph 10(a) to assist in this Action, and their employees,

with disclosure only to the extent reasonably necessary to perform such work;

    c.    Any deponent:

        i.    if it appears that the deponent authored or received a copy of the Protected Material;

        ii.    if it appears that the deponent was involved in the subject matter described therein;

        iii.    if the deponent is employed by the Disclosing Party; or

        iv.    if the Disclosing Party consents in writing to such disclosure.

    d.    The Court, jury, court personnel, court reporters, and other persons connected with the Court; and

    e.    Any other person whom the Disclosing Party agrees in writing may have access to such Protected Material.

11.    In the absence of an order of the Court, Protected Material designated as "HIGHLY CONFIDENTIAL" may be disclosed or made available only to the following persons:

    a.    The attorneys working on this Action on behalf of any party, in-house/agency attorneys, paralegals and staff, stenographic and clerical employees, and contractors working under the direct supervision of such counsel;

    b.    Any expert or consultant who is expressly retained by any attorney described in Paragraph 11(a) to assist in this Action, and their employees,

with disclosure only to the extent reasonably necessary to perform such work;

 c. Any deponent:

  i. if it appears that the deponent authored or received a copy of the Protected Material;

  ii. if it appears that the deponent was involved in the subject matter described therein;

  iii. if the deponent is employed by the Disclosing Party; or

  iv. if the Disclosing Party consents in writing to such disclosure.

 d. The Court, jury, court personnel, court reporters, and other persons connected with the Court; and

 e. Any other person whom the Disclosing Party agrees in writing may have access to such Protected Material.

 f. Subject to the restrictions set forth in Paragraph 16, any Party.

12. If a Receiving Party wishes to disclose Protected Material to a deponent not covered by Paragraphs 10(c) and 11(c), and the Disclosing Party has refused consent to such disclosure, then the Receiving Party may seek appropriate relief from the Court.

13. For purposes of Paragraphs 10(b) and 11(b), the following persons or entities may not be deemed a "consultant": (a) Airbnb, Inc.; (b) HomeAway.com, Inc.; (c) any other booking service; or (d) any person employed by the persons or entities described in Paragraphs 13(a), 13(b), and 13(c).

14. The persons described in Paragraphs 10(a) and 11(a) shall have access to the Protected Material only after they have been made aware of the provisions of this Stipulation and Protective Order, including, without limitation, Paragraphs 7 through 9 herein.

15. The persons described in Paragraphs 10(b), 10(c), 10(e), 11(b), 11(c), and 11(e) herein shall have access to the Protected Material only after: (a) counsel retaining, representing, interviewing, or deposing those persons has provided a copy of this Stipulation and Protective Order to such persons for review; and (b) those persons manifest their assent to be bound by the provisions of this Stipulation and Protective Order by signing a copy of the annexed "NONDISCLOSURE AGREEMENT." Counsel shall produce a copy of any executed "NONDISCLOSURE AGREEMENT" to opposing counsel upon request prior to such person being permitted to testify (at deposition or trial) in the Action or at the conclusion of the Action, whichever comes first, except that counsel need not produce a "NONDISCLOSURE AGREEMENT" executed by any expert or consultant retained only for consulting purposes. Counsel shall retain copies of the signed "NONDISCLOSURE AGREEMENT" until the completion of this Action and the return or destruction of Protected Material in accordance with Paragraph 35 herein.

16. Plaintiff shall have access to, or shall view, Protected Material designated as "HIGHLY CONFIDENTIAL" only: (a) in the presence of, or through a phone conversation with, his counsel; and (b) after his counsel has provided him a copy of this Stipulation and Protective Order for review. With respect to Protected Material designated as "HIGHLY CONFIDENTIAL," Plaintiff will not: (a) disclose or disseminate such Protected Material; (b) contact and/or discuss such Protected Material with a person who has submitted to the City of New York, in any form, an anonymous complaint about Plaintiff and/or the dwelling located at

418 37th Street, Brooklyn, New York; and (c) use such Protected Material for any purpose other than the prosecution of this Action.

## *Designating and Producing Protected Material*

17. Other than deposition transcripts and exhibits, the Disclosing Party or counsel thereof shall designate Protected Material by performing all of the following: (i) stamping or otherwise clearly marking as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" the material in a manner that will not interfere with legibility or audibility; (ii) identifying the Protected Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the "Designation" data field for all productions; and (iii) providing any Protected Material in separate "Confidential" and "Highly Confidential" production volumes, including full families of such Protected Material.

18. A Party may designate deposition transcripts, or sections thereof, and exhibits as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" either on the record during the deposition or in writing within thirty (30) days of receipt of the transcript. If the entire deposition transcript is so designated, the court reporter shall bind it in a volume marked as "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order." If only a section (or sections) of the deposition transcript is (are) so designated, the court reporter shall bind any such section(s) in a separate volume marked as "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order." Unless the Parties have agreed, either on the record or in writing, that a deposition transcript or specified portion(s) thereof does not contain Protected Material, the Parties shall treat any transcript or portion(s) thereof not already designated as Protected Material as if it were "HIGHLY CONFIDENTIAL" through the

8

pendency of the aforementioned 30-day transcript review period. After the 30-day transcript review period has expired, any material not designated shall be considered neither "CONFIDENTIAL" nor "HIGHLY CONFIDENTIAL."

19. If a Disclosing Party has designated a document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Disclosing Party may remove such document or information from the scope of that protection by notifying all Parties in writing and re-producing the document or information without such designation.

*Objecting to Confidentiality Designations*

20. In the event a Party disagrees at any stage of this Action with any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation, such Party shall provide to the Disclosing Party, or to the Party that has designated a deposition transcript or portion thereof as Protected Material, written notice of its disagreement with the designation, describing with particularity the Protected Material in question, and stating the grounds for objection. The Disclosing Party, or the Party that has designated a deposition transcript or portion thereof as Protected Material, shall respond to the objection in writing within fourteen (14) days and shall state with particularity the grounds for asserting that the Protected Material is properly designated. If no written response to the objection is made within fourteen (14) days, the challenged designation shall be deemed void. If a timely written response to the objection is made, counsel for the Parties and, if applicable, the City shall first try to resolve the dispute in good faith by meeting and conferring. If the dispute cannot be resolved, the Party challenging the designation may request appropriate relief from the Court consistent with the Court's discovery rules. The burden shall be on the Disclosing Party, or the party that has designated a deposition transcript or portion thereof as Protected Material, to make an adequate showing to

the Court that the challenged designation ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") is appropriate.

*Filing Protected Material in this Action and Use at Trial*

21.     Any Party that intends to use only non-Protected Material portions of a document that are reasonably separable from portions containing Protected Material, at trial or as part of a letter, motion, or deposition, may request that the Disclosing Party provide a redacted version of that document.

22.     Before filing any material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" with the Court under seal, the Party wishing to file any Protected Material or portion thereof under seal, and/or in redacted form on the public docket, must make a specific request to the Court by letter explaining the reasons for seeking to file in such manner.. The Party must attach to its letter one full set of the relevant document(s) in highlighted form (*i.e.*, with the words, phrases, or paragraphs to be redacted highlighted). A Party shall not file on the Official Court Electronic Document Filing System (ECF) any sealed, redacted, or Protected Material without permission from the Court. To comply with Court deadlines, provided they are timely served, the papers containing Protected Material shall be deemed to be filed on the date the Party delivers them to Chambers for review of the proposed redactions.

23.     Any documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that are designated in advance by any Party as proposed trial exhibits, either pursuant to applicable pretrial procedures or otherwise, may be offered into evidence in open court after such Party gives notice to the Disclosing Party that designated them as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and affords such Disclosing Party with at

least ten (10) days (or less, with leave of Court) to obtain an appropriate protective order from the Court.

*Notice of Breach*

24. If Protected Material is disclosed to any person other than in the manner authorized by this Stipulation and Protective Order, the person or Party responsible for the unauthorized disclosure must, within (5) days of discovering the disclosure, bring all pertinent facts relating to such disclosure to the attention of the Disclosing Party and, without prejudice to any other rights and remedies of the Parties or third parties, make every effort to prevent further disclosure by it or by the person who was the unauthorized recipient of such material, and seek prompt return or destruction of the Protected Material from the unauthorized recipient.

*Clawback of Protected Material*

25. If at any time prior to the termination of this Action, a Party or the City realizes that it has produced Protected Material without designating it as such, that Party or the City may designate such material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by promptly notifying the Parties in writing. The notification must designate the Protected Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" according to this Stipulation and Protective Order. Such material will thereafter be treated as Protected Material under the terms of this Stipulation and Protective Order. The Disclosing Party shall provide the Parties with replacement versions of such Protected Material and follow the designation and production requirements of Paragraph 17 within (10) business days of providing such notice.

26. Nothing in this Stipulation and Protective Order shall preclude any Party or the City from seeking additional or different relief to protect information that is proprietary, governmental, or sensitive.

*Rights, Limitations, and Modifications*

27.     Compliance with the terms of this Stipulation and Protective Order shall not operate as an admission that any particular document or information is or is not responsive, privileged, reflective of personally-identifiable information, or admissible in this Action.

28.     Nothing in this Stipulation and Protective Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced. Nothing contained herein will prevent, limit, or restrict the Parties or the City in any way from objecting to or asserting an immunity or privilege in any prior or subsequent litigation with respect to any material produced in this Action. Nothing herein is intended to limit a Party's or the City's right, if any, to properly redact information that is privileged or otherwise protected prior to disclosure.

29.     Nothing contained herein is intended to or shall serve to limit a Party's or the City's right to conduct a review of documents and related information (including metadata) for responsiveness, personally-identifiable information, and/or any privilege or protection recognized by law prior to production and/or disclosure.

30.     This Stipulation and Protective Order may be changed only by further agreement of the Parties and the City in writing or by order of the Court and is without prejudice to the right of any Party or the City to seek modification or judicial relief of this Stipulation and Protective Order by application to the Court on notice to counsel for the other Party and/or the City.

12

31. This Stipulation and Protective Order shall remain in full force and effect until modified, superseded, or terminated either by consent of the Parties and the City, or by order of the Court.

*Right to Assert Other Objections*

32. This Stipulation and Protective Order shall not be construed to waive or diminish any right to assert a claim of privilege or an objection of relevance, overbreadth, proportionality, or other grounds for not producing material requested during discovery. Access to all material (whether or not designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL") shall be granted only as provided by the discovery rules and other applicable law.

*Severability*

33. The invalidity or unenforceability of any provision of this Stipulation and Protective Order shall not affect the validity or enforceability of any other provision of this Stipulation and Protective Order, which shall remain in full force and effect.

*Termination of the Litigation*

34. This Stipulation and Protective Order shall survive the termination of this Action, including any and all appeals, and remain in full force and effect unless modified by an order of this Court.

35. Within sixty (60) days of the termination of this Action, including final appellate action or the expiration of time to appeal or seek further review, all Protected Material that has been designated in accordance with all of the requirements of Paragraphs 17 and 18 herein, and all copies, reproductions, summarizations, extractions, and abstractions thereof, shall be returned to the Disclosing Party or destroyed. At the conclusion of this 60-day period,

counsel for each Receiving Party shall provide to counsel for the Disclosing Party a certification stating that, to counsel's knowledge and belief, the Receiving Party has either returned or made commercially-reasonable efforts to destroy all Protected Material in accordance with this Stipulation and Protective Order. Notwithstanding the foregoing, counsel may retain Protected Materials that (i) constitute attorney-work product, (ii) were filed with the Court and/or marked as trial exhibits, or (iii) constitute deposition transcripts and exhibits, provided that such counsel otherwise comply with the provisions of this Stipulation and Protective Order with respect to such retained material.

36.   This Court shall retain jurisdiction over all persons subject to this Stipulation and Protective Order for so long as such persons have Protected Material and to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**STIPULATED TO:**

| | |
|---|---|
| **EMERY CELLI BRINCKERHOFF & ABADY LLP** | **JAMES E. JOHNSON**<br>Corporation Counsel<br>of the City of New York |
| By: *[signature]*<br>Andrew G. Celli, Jr.<br>Debra L. Greenberger<br>Andrew K. Jondahl | By: *[signature]*<br>Karen B. Selvin<br>Carlos Fernando Ugalde Alvarez |
| 600 Fifth Avenue, 10th Floor<br>New York, New York 10020<br>(212) 763-5000 | 100 Church Street<br>New York, New York 10007<br>(212) 356-2208 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant Eduardo Cautela and Non-Party The City of New York* |
| Dated:  New York, New York<br>January __9__, 2020 | Dated:  New York, New York<br>January __7__, 2020 |

**SO ORDERED:**

Dated: New York, New York
January __10__, 2020

*[signature]*
Hon. John G. Koeltl

*This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.*
*So ordered.*
*[signature]*
1/10/20   U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STANLEY KAROL,<br><br>                                           Plaintiff,<br><br>                -against-<br><br>CITY OF NEW YORK, KENNETH K. WONG, Badge No. 8, EDUARDO CAUTELA, Badge No. 2903, ROBERT P. CANONICA, Badge No. 195, and MICHAEL J. GILLEN, Badge No. 905,<br><br>                                         Defendants. | **NONDISCLOSURE AGREEMENT WITH RESPECT TO THE STIPULATION AND PROTECTIVE ORDER**<br><br>18 CV 6467 (JGK) |

I, _____, state that:

    1.    My personal / work (circle one) address is_____.

    2.    My present employer, if applicable, is _____.

    3.    I have received a copy of the STIPULATION AND PROTECTIVE ORDER (the "Stipulation and Protective Order") entered in the above-entitled action on _____.

    4.    I have carefully read and understand the provisions of the Stipulation and Protective Order.

    5.    I will comply with all of the provisions of the Stipulation and Protective Order.

    6.    I will hold in confidence, will not disclose to anyone not qualified under the Stipulation and Protective Order, and will use only for purposes of this Action, any Protected Material that is disclosed to me.

7. I will return all Protected Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Protected Material.

8. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation and Protective Order in this Action, and I understand that my willful violation of any term of the Stipulation and Protective Order could subject me to punishment for contempt of Court.

_____
(Signature)

_____
(Printed Name)

Dated: _____