

**JAMES E. JOHNSON**
*Corporation Counsel*

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

**KAREN B. SELVIN**
Phone: (212) 356-2208
Fax: (212) 356-2019
kselvin@law.nyc.gov

April 15, 2020

**VIA ECF**
Hon. Debra C. Freeman
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

      Re:   <u>Stanley Karol v. City of New York, et al.</u>, 18 CV 6467 (JGK) (DCF)

Your Honor:

      On behalf of Plaintiff Stanley Karol, Defendant Eduardo Cautela, and non-party City of New York ("City"), we submit this joint status letter in the above-entitled action pursuant to Your Honor's Order dated March 31, 2020 (Dkt. No. 65).

      ***Current Discovery Deadlines.***  On January 31, 2020, Judge Koeltl extended the fact discovery deadline from March 31, 2020 to May 29, 2020 and imposed the following interim discovery deadlines: (a) depositions to be completed by April 17, 2020; and (b) requests for admissions to be served by May 1, 2020 (Dkt. No. 57). Subject to the Court's January 31, 2020 Order, the parties have agreed to extend all interim discovery deadlines to May 29, 2020.

      ***Extension of Discovery Deadlines.***  In the March 31, 2020 Order, Your Honor requested that the parties explain in this letter "[i]f counsel believe that further extensions of discovery deadlines are required to accommodate specific impacts of the COVID-19 outbreak on HTC, the City, and/or the availability of witnesses." Although the parties will certainly require an extension of the fact discovery deadline of May 29, 2020, the parties believe that such request should be brought to the Court's attention closer to the current fact discovery deadline and after the parties confer further as to the length of the required extension.

      ***Plaintiff's Document Productions.***  Plaintiff represents that he has produced all documents in his possession that are responsive to Defendant's first set of document requests. Defendant disagrees with this representation and, as noted below, the parties are meeting and conferring on this issue. In lieu of providing a release requested by Defendant, Plaintiff represents that he is endeavoring to obtain certain medical records from his providers that Defendant has sought (without conceding the relevance of such records), which he will review

for responsiveness as soon as he obtains them.  Given the challenges associated with the COVID-19 pandemic, Plaintiff is unable to provide a timeline for the receipt of his medical records.  Defendant reserves his right to seek to compel production of Plaintiff's documents if they are not timely produced.  Furthermore, the parties report that they are meeting and conferring about certain disputes concerning Plaintiff's responses and objections to Defendant's first set of document requests, and that they have reached partial resolution on a particular dispute concerning certain releases, which Plaintiff has agreed to provide to Defendant within the next two weeks.  Finally, Plaintiff's responses and objections to Defendant's second set of document requests are due on April 29, 2020.

***Defendant's and Non-party City's Document Productions.***  Defendant and non-party City represent that they anticipate making a production of documents in response to Plaintiff's first set of document requests within the next two weeks; however, Defendant and non-party City cannot confirm that they will complete their production by that date.  Plaintiff reserves his right to seek to compel production of Defendant's and the City's documents if they are not timely produced.  Furthermore, the parties and non-party City report that they are currently meeting and conferring about certain disputes concerning Defendant's and the City's responses and objections to Plaintiff's first set of document requests.  Finally, Defendant's and non-party City's responses and objections to Plaintiff's second request for production are due on May 14, 2020.

***Non-party Subpoenas for Documents.***  Defendant is currently awaiting responses to non-party subpoenas *duces tecum* served on T-Mobile, Vonage, Airbnb and one individual.  In addition, Plaintiff and Defendant report that they have reached agreement as to the scope of subpoenas *duces tecum* that Defendant intends to serve in the next week on non-parties Verizon Communications Inc. and Charter Communications, Inc. with Plaintiff's written consent.

***Non-party Depositions.***  Plaintiff represents that he served non-party subpoenas *ad testificandum* on six individuals currently assigned to the Mayor's Office of Special Enforcement ("OSE"), as well as the City of New York.  The parties have agreed that the seven noticed deposition dates in April at Plaintiff's counsel's offices are placeholder dates and such depositions will not go forward on those dates.  The parties report that they are meeting and conferring about certain disputes associated with these seven subpoenas, including the relevancy of these individuals to this case. Defendant and non-party City reaffirm the representation made to the Court during the teleconference on March 31, 2020, that OSE and its personnel have been repurposed in the fight against COVID-19 and will not be available for depositions for the foreseeable future.  Plaintiff represents that he is concerned about an indefinite adjournment of these depositions pending the OSE personnel's availability, and reserves his right to seek relief from the Court as to the timing of their depositions.  As the interim deposition deadline has been extended to May 29, 2020, Defendant reserves his right to serve non-party subpoenas *ad testificandum*.  Finally, Plaintiff reports that he has advised Defendant that he intends to serve subpoenas *ad testificandum* on two other individuals not affiliated with Defendant or the City.  The parties will meet and confer as to the timing of those subpoenas, as well as the possibility of conducting remote depositions of those two individuals in light of the COVID-19 pandemic.

***Party Depositions.***  Plaintiff represents that he served a notice of deposition on Defendant for a placeholder date in April and the parties have agreed that the deposition will not

go forward on that date at Plaintiff's counsel's offices.  Defendant represents, as with the non-party OSE personnel discussed above, that he has been redeployed in the fight against COVID-19 and will not be available for a deposition for the foreseeable future.  Plaintiff represents that he is concerned about an indefinite adjournment of Defendant's deposition, and will seek relief from the Court as to the timing of this deposition under separate cover.  As the interim deposition deadline has been extended to May 29, 2020, with a further extension to be determined, Defendant reserves his right to serve a notice of deposition on Plaintiff once all relevant documents have been produced.

*Settlement.*  Finally, at Your Honor's direction, the parties engaged in settlement discussions.  The parties report that, at this time, there is no potential for settlement.

Thank you for your attention to this matter.

Respectfully submitted,

 /s/ Karen B. Selvin
Karen B. Selvin
*Counsel for Defendant and
non-party City of New York*

 /s/ Debra Greenberger
Debra Greenberger
*Counsel for Plaintiff*

cc:     Counsel of Record (via ECF)